UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| THOMAS KEN OWENS | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-377 |
| | ) | *Mattice/Carter* |
| STATE OF TENNESSEE, JOHN | ) | |
| WALTON, JOHN PAUL MATHIS, | ) | |
| ERNEST E. WIDBY, SR., and CHRIS | ) | |
| MATHIS | ) | |

## MEMORANDUM and ORDER

Acting *pro se*, Thomas Ken Owens, who was formerly confined in the Carter

County Detention Center and has been released since on an own-recognizance bond, has

submitted a civil rights complaint and amended complaint for injunctive relief under

42 U.S.C. § 1983, (Docs. 2 and 4). Plaintiff's applications to proceed *in forma pauperis*

are **GRANTED**, (Docs. 1 and 3).

Plaintiff has sued the State of Tennessee, a General Sessions Court Judge, and

other Carter County officials in connection with his arrest on a charge of soliciting, on

which charge he was held more than six months without being heard and which has led

to the loss of an apartment, a vehicle, and future job and education opportunities. There

are no specific allegations against any defendant with the exception of defendant

Earnest E. Widby, Sr., who is plaintiff's uncle and who serves as a county bailiff.

Plaintiff claims that he is not guilty and that defendant Widby has falsely accused him to prevent him from running for elective office and, thereby, has abused his position to have plaintiff detained and possibly sentenced on a bogus charge. Plaintiff would have the Court demand his immediate release, the soliciting charge dropped, and the case against him dismissed in its entirety.

The Court must screen this former prisoner's complaint pursuant to 28 U.S.C. § 1915A and § 1915(e) and must dismiss this case if it determines that it is frivolous or fails to state a claim for relief or if plaintiff seeks relief from defendants who enjoy immunity from the suit.

The Court infers that plaintiff is asking this Court to intercede in the state court proceedings, but unfortunately for plaintiff, the action must be dismissed because the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies here. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here.

Plaintiff's criminal proceedings are pending in the state court. Plaintiff may attack what he sees as bogus charges in the state trial court. Were this Court to find in plaintiff's favor that the rights impliedly alleged had been violated, this ruling

undoubtedly would undermine the State's interest in conducting its criminal judicial proceedings in accord with constitutional mandates and its entitlement to be given the first opportunity to do so.

Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by affording him the relief he seeks.

Finally, plaintiff has appended to his original complaint a copy of his inmate grievance form complaining about not receiving certain prescription medications while in jail. However, plaintiff has not offered in the body of his complaint any claim involving medication, much less included any factual development of that issue, and the Court declines to infer a claim in the absence of such explication.

A separate order will enter.


**ENTER**:


_____/s/Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE